```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| IBRAHIM SAMHA, | Civil Action No. 11-4943 (SRC) |
| Petitioner, |  |
| v. |  |
|  | **MEMORANDUM OPINION & ORDER** |
| WARDEN LAGANA, et al., |  |
| Respondents. |  |

IT APPEARING THAT:

1. This matter was initiated on August 26, 2011, upon Petitioner's filing of his petition for a writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2254. See Docket Entry No. 1. The Petition consisted of five parts, see Docket Entries Nos. 1, 1-2, 1-3, 1-4 and 1-5, consuming the total of 262 pages. See id. The massive volume of the Petition was a result of Petitioner's lengthy discussions of law and replication of transcripts. Moreover, many of Petitioner's claims included sub-claims.

2. Therefore, this Court -- relying on Habeas Rule 2(d) -- dismissed the Petition without prejudice, directed Petitioner to file an amended pleading complying with the Habeas Rules and, in addition, issued Petitioner a notice, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Docket Entry No. 2.

3. In response, Petitioner submitted his amended petition ("Amended Petition") sufficiently complying with the Court's guidance. <u>See</u> Docket Entry No. 4.

4. Correspondingly, the Court directed service of the Amended Petition on Respondents and the Attorney General and ordered Respondents to file their answer to the Amended Petition. <u>See</u> Docket Entry No. 5. The Court's order to that effect provided, <u>inter alia</u>, as follows: "ORDERED that Respondents shall electronically file a full and complete answer to said Petition within 45 days of the entry of this Order, <u>see</u> <u>Ukawabutu v. Morton</u>, 997 F. Supp. 605 (D.N.J. 1998)." <u>Id.</u> at 1-2. The Clerk entered the Court's order on February 9, 2012.

5. However, as of the date of the Court's execution of the instant Order, **NO ANSWER** was filed by Respondents, no application for extension of time to answer was received, and no explanation for Respondents' failure to comply with the Court's order directing answer was ever offered.

6. In interests of justice, however, the Court will allow Respondents one further opportunity to comply with the Court's order directing them to file an answer to the Amended Complaint.

IT IS, therefore, on this 12th day of July, 2012,

ORDERED that the Clerk shall serve copies of the amended petition (Docket Entry No. 4), this Order, and all other documents docketed in this matter upon Respondents and upon the Attorney General of the State of New Jersey, **by certified mail**, **return receipt requested**, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a full and complete answer to said Petition within **THIRTY DAYS OF THE ENTRY OF THIS ORDER**; and it is further

ORDERED that Respondents' answer shall state Respondents' counter-facts, respond to the allegations set forth in the Petition by each paragraph and subparagraph, adhere to the requirements of 28 U.S.C. § 2254 Rule 5, and address the merits of each claim raised in the Petition, see 28 U.S.C. § 2254(b)(2), by detailing Respondents' position as to each Petitioner's ground (and sub-ground) separately; and it is further

ORDERED that all non-jurisdictional affirmative defenses subject to waiver, such as timeliness, not raised in Respondents' answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that the answer shall indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are

available, when they can be furnished, and what proceedings have been recorded but not transcribed; and it is further

ORDERED that Respondents shall attach to the answer parts of the transcript that Respondents consider relevant and, if a transcript cannot be obtained, Respondent may submit a narrative summary of the evidence, see 28 U.S.C. § 2254 Rule 5(c); and it is further

ORDERED that Respondents shall file with the answer a copy of: (1) any brief that Petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders relating to the conviction or the sentence, see 28 U.S.C. § 2254 Rule 5(d); and it is further

ORDERED that the answer shall contain an **INDEX OF EXHIBITS.** The index shall refer to each exhibit docketed by Respondents by using the docket entry of each exhibit, **AS THESE DOCKET ENTRIES WILL BE MADE IN THE INSTANT MATTER**; and it is further

ORDERED that Respondents shall file the answer, the exhibits, and the index of exhibits, **ELECTRONICALLY**; and it is further

ORDERED that Petitioner may, if he so desires, file and serve a reply to the answer within 45 days of Petitioner's

receipt of same, see 28 U.S.C. § 2254 Rule 5(e).  In the event Petitioner fails to file and serve his reply in a timely fashion, Petitioner's opportunity to reply will be deemed waived; and it is further

    ORDERED that, within 7 days of Petitioner's release, be it on parole or otherwise, Respondents shall electronically file a written notice of the same with the Clerk; and it is finally

    ORDERED that the Clerk shall serve this Order on Petitioner by regular U.S. mail.

                                      s/Stanley R. Chesler
                                  **Stanley R. Chesler, U.S.D.J.**