UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IBRAHIM SAMHA, | : | |
| | : | **Civil Action No. 11-4943 (SRC)** |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN PAUL K. LAGANA, NORTHERN STATE PRISON, AND JEFFREY CHIESA, ATTORNEY GENERAL OF NEW JERSEY, | : | |
| | : | |
| Respondents. | : | |

**CHESLER**, District Judge

Petitioner Ibrahim Samha ("Petitioner") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a), challenging a judgment of conviction entered by the Superior Court of New Jersey, Law Division, Bergen County. For the reasons expressed below, Petitioner's request is denied.

**I.      BACKGROUND**

   **A. Facts**

On March 24, 2003 at about 8:30 p.m., Petitioner and an accomplice entered Bob's Market and proceeded to rob the store operator. They held him at gun-point, pistol-whipped him, bound him with duct tape, and dragged him into a store aisle where he could not be seen by passersby. Petitioner and his accomplice repeatedly assaulted the operator, slamming his head into the floor and beating him with the gun.

While this was happening, neighbors heard the disturbance, and eventually telephoned the police. Outside the store, another customer noticed Petitioner's accomplice trying to open the

1

cash register. The accomplice waved the customer off, but eventually he returned. The customer then saw Petitioner behind the counter taking all the phone cards and throwing them into a container. The customer decided to call the police, but before he could do so they arrived. Petitioner and his accomplice were then arrested after giving themselves up at the scene. During his pre-trial confinement, Petitioner was civilly committed by a state court to the Ann Klein State Psychiatric facility for observation.

### B.  Procedural Posture

Prior to trial, Petitioner retained expert witness Edward J. Dougherty, Ed. D., in an effort to support a defense of diminished capacity based on mental disease or defect. Dr. Dougherty's initial report from May 20, 2004 was provided to the State, which moved to preclude its admission. The state court granted the prosecution's pre-trial motion to preclude the report, holding that Dr. Dougherty's opinion was not sufficiently detailed as to the effect of any disorder the Petitioner may have had. Dr. Dougherty subsequently prepared an "Addendum" to this report, which provided more specificity as to Petitioner's mental health. This testimony too was barred. The trial judge held that while the report provided evidence of a mental disorder, it did not prove by "clear and convincing evidence that it relates back to the date of the incident itself." State v. Samha, No. A-1978-04T, slip op. at 13.

Petitioner was unsuccessful appealing the decision. The Appellate Division noted, however, that Petitioner would be able to renew his application to the trial court if a sufficient foundation was laid for the reports. Id. Throughout the trial Petitioner renewed his motion to admit the reports several more times, each time unsuccessfully. The jury found Petitioner guilty of kidnapping and several armed robbery related charges (which were subsequently merged), and Petitioner was subsequently sentenced.

On direct appeal, Petitioner raised several issues. For purposes of habeas review, however, many are irrelevant. For this Court's purposes, two arguments are pertinent. In a brief prepared by assigned counsel, supplemented by a *pro se* brief of his own, Petitioner argued that the trial court erred by not admitting Dr. Dougherty's report. This, combined with a jury instruction, he claimed, violated his due process rights by preventing the jury from considering his theory of the case. Petitioner also argued that he had ineffective assistance of counsel on several grounds, most of which were not addressed by the court and instead preserved for post-conviction relief. The Appellate Division affirmed the conviction, holding that Petitioner was not denied a fair trial by the adverse evidentiary rulings. Id. at 14-20. The Supreme Court of New Jersey declined to review the Appellate Division's decision on certification. State v. Samha, 192 N.J. 68 (2007).

Petitioner then began the process of collateral attack on the conviction. His request for post-conviction relief was denied at the state trial level and affirmed by the Appellate Division. State v. Samha, No. A-2073-08T4 (2010). There he argued once more, *inter alia*, that trial counsel had been ineffective and that Dr. Dougherty's reports should have been admitted. The Appellate Division rejected both arguments. Again the Supreme Court of New Jersey declined to review on certification. State v. Samha, 205 N.J. 15 (2010).

Here, Petitioner raises four arguments in a *pro se* brief in support of his petition. They are:

1. TRIAL COURT ERRED BY DENYING DEFENSE COUNSEL PRIOR TO AND DURING TRIAL REQUEST TO PRESENT EVIDENCE OR ELICIT TESTIMONY REGARDING THE POTENTIAL DEFENSE OF MENTAL DISEASE OR DEFECT RELATING TO PETITIONER PURSUANT TO N.J.S.A. 2C:4-2.

2. ON DIRECT APPEAL, APPELLATE DIVISION HOLDING THAT TRIAL COURT'S DENIAL OF EXPERT WITNESS AND EVIDENCE OF MENTAL DISEASE OR DEFECT TO JURY AS "ERROR", BUT HOLDING SAID DENIAL AS "HARMLESS ERROR" IS UNCONSTITUTIONAL; AND DENIES PETITIONER CONSTITUTIONAL DUE PROCESS GUARANTEES.

3. UPON POST CONVICTION RELIEF, N.J. APPELLATE DIVISION HOLDING CONRARY TO UNITED STATES SIXTH AMENDMENT; IN THAT COURT'S RULING EXCEEDED JUDICIAL POWER AND INFRINGED ON THE PROVINCE OF THE JURY.

4. PETITIONER WAS DEPRIVED OF STATE AND FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL ATTORNEY'S FAILURE TO SUPPLY THE DEFENSE PSYCHOLOGIST WITH PETITIONER'S MEDICAL AND MENTAL HEALTH HISTORY TO OFFER A DIMINISHED CAPACITY DEFENSE ON PETITIONER'S BEHALF AT TRIAL.

Pet. Br. at 2 (capitalization in original).

## II. STANDARD OF REVIEW

Federal habeas review is controlled by a narrowly-tailored test. See Cullen v. Pinholster, 131 S.Ct 1388, 198 (2011) ("As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."). A federal court may only hear claims alleging that a person is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, if a state court has adjudicated a petitioner's federal claim on the merits, then the federal court is proscribed from issuing the writ unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Therefore any habeas review by a district court must begin with determining whether Petitioner's claims have been previously adjudicated by a state court, and if so, whether that court's decision went against any clearly established federal law. For that purpose, a decision is "contrary to" a Supreme Court holding if the state court either outright contradicts the governing

law set forth by the Supreme Court in a given set of cases, or if the state court faces a nearly identical fact situation as a Supreme Court case and arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405–06 (2000). An "unreasonable application" is one where the state court identifies the correct legal principle from the Supreme Court decisions but unreasonably applies that principle to facts in the prisoner's case. Id. at 413.

Ultimately the required standard is difficult to meet, as it is highly deferential to state court rulings. The Supreme Court has made clear that the standard demands "that state court decisions be given the benefit of the doubt." Cullen, 131 S.Ct. at 1398.

### III. DISCUSSION

Petitioner's claims here can be grouped into two distinct arguments. First, he argues that it was a due process violation not to admit his expert's opinion in order to present a diminished capacity defense. Second, he claims ineffective assistance of counsel at the trial level due to his attorney's failure to provide Dr. Dougherty with relevant medical history and educational documents from Petitioner's past.

#### A. Evidentiary Rulings

The admissibility of evidence is generally a matter of state law and not a cognizable basis for habeas review. Wilson v. Vaughn, 533 F.3d 208, 213 (3d Cir. 2008); Keller v. Larkins, 251 F.3d 408 n. 2 (3d Cir. 2001). In addition, the Due Process Clause does not allow federal courts "to engage in a finely-tuned review of the wisdom of state evidentiary rules." Marshal v. Lonberger, 459 U.S. 422, 438 n. 6 (1983). Whether a state court has erred in applying its evidentiary rules "is no part of a federal court's habeas review of a state conviction." Estelle v. McGuire, 502 U.S. 62, 67 (1991)

However, if admissibility rulings rise to the level of depriving a defendant of his fundamental right to a fair trial, then those rulings can amount to a constitutional violation which can be analyzed in habeas review. Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974); Reynolds v. Ellingsworth, 843 F.2d 712, 716 n. 10 (3d Cir. 1988); Bisaccia v. Att'y General of N.J., 623 F.2d 07, 317 (3d Cir. 1980) (citing Donnelly), *cert. denied*, 49 U.S. 1042 (1980). As Petitioner's arguments here were adjudicated on the merits—several times, in fact—in state court, this Court can only grant relief if such a violation has occurred. 28 U.S.C. § 2254(d).

The heart of Petitioner's evidentiary claims is that denying admission of Dr. Dougherty's opinions robbed him of the opportunity to present exculpatory evidence of mental defect or disorder as an affirmative defense. The New Jersey diminished capacity statute states:

> Evidence that the defendant suffered from a mental disease or defect is admissible whenever it is relevant to prove that the defendant did not have a state of mind which is an element of the offense. In the absence of such evidence, it may be presumed that the defendant had no mental disease or defect which would negate a state of mind which is an element of the offense.

N.J. Stat. Ann. § 2C:4-2 (West 2005). Notably, the statute requires diminished capacity evidence to show that the mental disease or defect afflicting a defendant *actually caused* the defendant to be unable to form the requisite *mens rea* to commit the crime. While the statute clearly restricts a defendant's right to present diminished capacity evidence, a defendant does not have the unchecked right to present evidence. U.S. v. Schaeffer, 523 U.S. 303, 308 (1988) ("A defendant's right to present evidence is not unlimited, but rather is subject to reasonable restriction."). Especially in terms of complicated scientific evidence relating to mental health, states have a legitimate interest in restricting access to evidence that may mislead or confuse a jury. Clark v. Arizona, 548 U.S. 735, 770 (2006) ("well-established rules of evidence permit trial

judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury").

One need only look to the Clark decision to see that New Jersey's provision is a reasonable restriction that does not violate Petitioner's due process rights. In Clark, the Supreme Court held that the Arizona Supreme Court's Mott Rule, which prohibited psychiatric evidence on the issue of *mens rea*, did not violate due process. See id. The evidentiary rule in Clark restricted psychiatric evidence as admissible only for the purpose of demonstrating criminal insanity. In this case, in contrast, the statute governing the admissibility of Dr. Dougherty's diminished capacity opinion is broad enough to have permitted Petitioner to present the evidence on the issue of *mens rea* had he laid the proper foundation.[1] The New Jersey statute sets a less restrictive evidentiary standard than the Mott Rule, which was expressly found to be in compliance with the Constitution by the Supreme Court. This Court cannot therefore conclude that the trial court's application of the New Jersey evidence statute contradicted any well-established federal law. Because Petitioner has failed to demonstrate that the evidentiary rulings violated his due process rights, his first two grounds challenging the conviction cannot be the basis for habeas relief.

---

[1] According to the New Jersey Appellate Division, Dr. Dougherty's reports violated the "net opinion rule." State v. Samha, No. A-2073-08T4, slip op. at 11 (2010). A "net opinion" is one that does not lay out the specific facts upon which it is based, thus making it too nebulous to put before a jury. Creanga v. Jardal, 185 N.J. 345, 360 (2005) ("An expert's conclusion is considered to be a "net opinion," and thereby inadmissible, when it is a bare conclusion unsupported by factual evidence."). As the Appellate Division noted, had Dr. Dougherty instead explained the connection between the diagnosis and Petitioner's mental state at the time of the crime based on specific facts located in the record, the opinion would have been admissible. State v. Samha, No. A-1978-04T4, slip op. at 18 (2007).

**B. Ineffective Assistance of Counsel Claims**

Petitioner's next two claims focus on the ineffective assistance of his trial counsel.[2] Petitioner argues that trial counsel failed to provide Dr. Dougherty with medical and school records for the previous eighteen years, resulting in the doctor's inability to provide an accurate assessment of Petitioner's mental state at the time the crime was committed. This claim was previously adjudicated in state court. See State v. Samha, No. A-1978-04T4 (2007); State v. Samha, No. A-2073-08T4 (2010). As such, this Court may only grant relief if the state courts' decisions run contrary to or represent an unreasonable application of well-established federal law. 28 U.S.C. § 2254(d).

Under the Sixth Amendment to the Constitution, an individual charged with a crime is entitled to have the assistance of counsel, which has been interpreted to require *reasonably effective* assistance. Strickland v. Washington, 466 U.S. 668 (1984). Strickland provides a two-part test for determining when a conviction must be overturned due to the ineffective assistance of counsel. First, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687. Second, a defendant must demonstrate that counsel's deficient performance prejudiced the defendant. Id. Strickland defines prejudice as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Additionally, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

As the state courts properly identified the relevant constitutional standard in their adjudication of this claim, the only task left for this Court is to determine whether it was

---

[2] Rather, Petitioner's "Point 3" argues that the Appellate Division violated the jury trial provision of the Sixth Amendment in applying the *Strickland* analysis and determining that there was no prejudice to the defendant. As such, it is grouped here despite the fact that it is not a truly cognizable claim; it is no usurpation of the jury's role as fact-finder for the court to perform the required prejudice analysis.

8

reasonably applied, or if the decision was contrary to the standard.  Here, it is clear that the Appellate Division reached a reasonable result in finding that Petitioner had not been prejudiced. State v. Samha, No. A-2073-08T4, slip op. at 12-13 (2010). As the Appellate Division points out, even if counsel erred in not passing along these medical records, Dr. Dougherty's resulting opinion would have nevertheless been inadmissible as a "net opinion." Id. In addition, even if the opinion had been admitted, it goes against the clear weight of the remainder of the evidence presented at trial. As the Appellate Division said, the report "flies in the face of the facts." Id. at 12. Petitioner's actions were "clearly that of a person implementing a calculated plan with the requisite mental status." Id. at 11-12. As a result, not only was it reasonable for the Appellate Division to have concluded that the report still would have been inadmissible, but it was also reasonable to have determined that the outcome would not have been different even had the report been admitted. This Court cannot therefore conclude that the state court's Strickland analysis was an unreasonable application of federal law. Therefore, Petitioner's claim for habeas relief pursuant to § 2254 is without merit.

**IV.   CERTIFICATE OF APPEALABILITY**

This Court must determine whether a certificate of appealability should issue.  L.A.R. 22.2.  The Court should only issue a certificate if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court' assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  As discussed above, this Court concluded that Petitioner's due process claim and his ineffective assistance of counsel claim are without merit.  This Court further concludes that Petitioner has

not demonstrated that reasonable jurists would find this assessment debatable or wrong. Therefore, this Court denies a certificate of appealability pursuant to section 2253(c)(2).

**V.  CONCLUSION**

For the foregoing reasons, the Court denies the petition and declines to issue a certificate of appealability. An appropriate Order will follow.

  s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: June 14, 2013